NATIONAL LIFE INSURANCE COMPANY OF MONTPELIER, VERMONT, v. COUNTY OF DAWES.

FILED JANUARY 8, 1903. No. 12,459.

1. **County Warrants: FACIAL EXPRESSION: PURPOSE OF LAW.** The purpose of the requirement that county warrants shall express on their face the amount levied and appropriated to the fund upon which they are drawn, and the amount already expended of such sum, is to guard against the overdrawing of warrants against the fund.

2. ————: ————: **FALSE STATEMENT: ESTOPPEL.** A county warrant, in excess of eighty-five per cent. of the levy against which it it drawn, is void. The county board can not estop the county to assert the invalidity of such warrant by indorsing on the warrant a false statement of the amount of the levy, which makes the warrant on its face appear to be within the statutory limit. *Bacon v. Dawes County*, 66 Nebr., 191.

Syllabus by court; catch-words by editor.

ERROR from the district court for Dawes county. Action upon county warrants. Tried below before WEST-OVER, J. *Reversed.*

*Stephen L. Geisthardt,* for plaintiff in error.

*Albert W. Crites, contra.*

SEDGWICK, J.

This is an action upon county warrants of Dawes county. It was begun in the district court of that county and tried to the court without a jury, and judgment entered for the defendant, from which judgment plaintiff prosecutes error to this court. The defense to some of the warrants was that they were issued in excess of eighty-five per cent. of the levy; and the statute of limitations was relied upon as a defense to all the warrants.

1. The first question presented is as to those warrants in dispute which were drawn after eighty-five per cent. of the original levy for the general fund upon which they were drawn had been exhausted. As to those warrants, it is contended that the county board transferred to this fund moneys from the levies for the bridge, road, insane, and soldiers' relief funds, and after that fund had been so increased, these warrants were not in excess of eighty-five per cent. The facts in regard to these transfers are so similar to the facts in the case of *Bacon v. Dawes County,* 66 Nebr., 191, that it is unnecessary to repeat them here. We are satisfied with the conclusion reached upon this point in that case, and the holding of the trial court as to these warrants is approved. In that case it was said: "There is no merit in the suggestion that the county is estopped by the indorsement on the warrants to assert that the levy for the general fund was less than the amount so indorsed. If the county board could bind the county in this manner it could evade all restrictions on the amount of the levy." This question is so thoroughly discussed in the brief of plaintiff in error in the case at bar, and was so ably presented in the oral argument, that we have reex-

amined it.   The statute provides:   "Each warrant shall specify the amount levied and appropriated to the fund upon which it is drawn, and the amount already expended of such sum" (Compiled Statutes, 1901, ch. 18, art. 1, sec. 35) ; and it is suggested in the brief of plaintiff in error that "the statute could have but one legitimate purpose, and that was to advise those who might purchase these claims whether or not they were issued in accordance with the statutory requirement in that particular." This section is a part of the statute of 1879, which superseded chapter 13 of the General Statutes of 1873.   In that act the power of the county board to draw warrants against the levy was also limited, and it was provided that any warrant drawn after the amount levied for the year is exhausted "shall not be chargeable as against the county," and by section 25 of the act it was provided: "In order to guard against any such overdraft, each warrant shall express plainly on its face, the amount of tax levied for the current year, and the amount already expended."   The recital of the purpose of the requirement that the warrant shall express on its face the amount of tax levied and the amount expended, is omitted from the present statute, but the reason for the requirement continues.   A county warrant is not commercial paper.   Its primary object is to provide a means for drawing money from the treasury, rather than to obtain a loan of money, or even to evidence the indebtedness of the county.   There can be no doubt of the power of the legislature to prohibit the issuing of warrants in excess of the levy; nor is there any doubt that the legislature might provide that on warrants so issued no action could be maintained by the party to whom they were issued, or by anyone to whom they might be transferred.   The question is as to the intention of the legislature in that regard.   The provision is that such warrants shall not be chargeable to the county, but the officers who issue them in violation of law are made liable.   The purpose of the legislature was to prevent the issuing of the warrants.   If the county commis-

sioners, who are forbidden to issue them, may evade the statute and make the warrant so issued valid by simply inserting a false statement as to the amount of the levy, the purpose of the legislature is thwarted.

The case at bar is plainly distinguishable from *Speer v. Commissioners,* 88 Fed. Rep., 749. In that case "it was within the power of this board, and it was its duty, to determine the validity of the claims on which these warrants rested, and, if allowed, to issue warrants for their payment." Page 757. In the case at bar it was not the duty of the county board to issue these warrants. They were at that time prohibited by positive statute from issuing any warrant whatever upon this fund. In the case referred to it is said (p. 758) : "The statute * * * visits the penalty for its violation upon its violators, the members of the board, and not upon the purchasers of their warrants; and it is not the province of the court to extend the punishment to the innocent." In the case at bar, the statute visits the penalty for its violation upon its violators, the members of the board, and also upon anyone who presumes to purchase or rely upon the warrants. It plainly provides that the warrants shall not be chargeable against the county. In that case it is said (p. 758) : "A corporation which, by the regularity of the execution of evidences of its debts, which is apparent upon their face, induces lenders or borrowers to loan money upon or to buy them, is thereby estopped from denying their validity or effect on the ground that, in their execution or in the preliminary proceedings which warranted their execution, its officers failed to comply with some law or rule of action relative to the mere time or manner of their procedure with which they might have complied, but which they carelessly or negligently disregarded." In the case at bar, the objection to the validity of the warrants is not that the officers failed to comply with some law or rule of action relative to the mere time or manner of their procedure with which they might have complied; but the objection is that the officers could not by any manner of procedure issue any valid warrants against

the fund in question. They were absolutely prohibited by statute from so doing. *State v. Colfax County*, 10 Nebr., 29; *State v. Richardson County*, 10 Nebr., 198; *Walsh v. Rogers*, 15 Nebr., 309.

It is contended that the proof is insufficient to support this defense. The answer pleads the amount of the original levy for the general fund, and also the unlawful attempts of the county board to transfer to the general fund the levies mentioned, and alleges that without such transfers the general fund was already overdrawn. The reply is evasive on all of these issues, and contains a general denial. By this denial the amount of the original levy for the general fund as stated in the answer is denied, but there is nothing in the reply to show what the original levy in fact was. Of course, such a denial does not tender any issue as to the amount of the original levy for this fund. The reply expressly alleges that transfers were made to the general fund, and "denies that there was no money or funds in either the road fund, insane fund or bridge fund or other funds of said county which could be legally transferred by said board of county commissioners to the general fund thereof on or about the fourth day of January, 1893." There is no allegation "that there was any county money from whatever source that remained on hand in the county treasury and was no longer required for the purposes for which the same was levied." No facts are pleaded from which it could be found that the conditions existed that would authorize these transfers. Such a denial does not put in issue the facts pleaded in the answer, but puts in issue the legality of the proceedings of the county board as shown by the facts stated in the answer. The reply is very voluminous, and a large amount of evidence was taken. It can not be quoted in this opinion. Upon the issues tendered and tried the evidence was amply sufficient to support the finding of the trial court. For these reasons, the several causes of action set forth in the plaintiff's petition, numbered from 1 to 22, inclusive, and from 48 to 62, inclusive, being predicated

upon warrants drawn in excess of eighty-five per cent. of the respective levies against which the warrants were drawn, are not sustained by the evidence, and the judgment of the trial court thereon is correct.

2. As to the remaining causes of action set forth in plaintiff's petition, the sole defense is the statute of limitations. The allegations of the answer in that regard are: "That more than five years have elapsed since a right of action accrued on each of said alleged warrants, or instruments in writing, as the same are set out in said petition, and the commencement of this action; that a cause of action accrued on each of said alleged warrants, or instruments in writing, at the time that the same were presented for payment to the treasurer of said county, payment thereof demanded, and the same registered by said treasurer, and payment thereof refused, as said plaintiff alleges to have done on each of said alleged warrants, as the same is set out in each of the said causes of action." This allegation was clearly insufficient, for the reasons stated in *Bacon v. Dawes County, supra.* The plaintiff should have been allowed to recover upon these warrants.

The judgment of the district court is reversed, and the cause remanded for further proceedings in accordance with this opinion.

REVERSED AND REMANDED.