ELIAS BALLARD, APPELLANT, V. JOSEPH CERNEY, TREASURER, APPELLEE.

FILED FEBRUARY 20, 1909. No. 15,857.

Village warrants drawn in excess of 85 per cent. of the current levy for the purpose for which they are drawn, unless there shall be sufficient money in the village treasury to the credit of the proper fund for their payment, are void, and their payment will be enjoined at the suit of a resident taxpayer.

APPEAL from the district court for Saline county: LESLIE G. HURD, JUDGE. *Reversed.*

*Bartos & Bartos* and *Hall, Woods & Pound,* for appellant.

*W. G. Hastings, contra.*

GOOD, C.

Plaintiff, a resident taxpayer of the village of Wilber, brought this action to enjoin the village treasurer from paying certain particularly described village warrants. The grounds upon which the injunction was sought were: First, no appropriation had been made against which said warrants could be drawn; second, no estimate had ever been made on which to base an appropriation ordinance appropriating money for the payment of said warrants; third, said warrants had been drawn in excess of 85 per cent. of the current levy for the purpose for which they were drawn, and that they were drawn when there was no money in the treasury to the credit of the proper fund for the payment of said warrants. A general demurrer to the petition was sustained, and, plaintiff electing to stand upon his petition, a judgment of dismissal was entered. Plaintiff has appealed.

Plaintiff contends that the warrants were absolutely void, and that injunction will lie to enjoin their payment. Defendant contends that the defects complained of are mere irregularities in the issuance of the warrants, and do not go to the validity of the indebtedness which the warrants represent, and that plaintiff cannot enjoin the payment of warrants if they represent just and valid claims against the city, and also contends that the warrants show that they were drawn for an indebtedness for maintaining village light and water plants, and that as the municipality was authorized by statute to make contracts for the erection and maintenance of such plants and to furnish light and water for a profit, if it saw fit, unappropriated general funds in the treasury might be used for such purpose.

Section 8969, Ann. St. 1907, which is applicable to the government of villages, provides in part as follows: The village board shall have no power to appropriate, issue or draw any order or warrant on the treasury for money, unless the same has been appropriated or ordered by ordinance, or the claim for the payment of which the warrant is issued has been allowed according to the provisions of the charter, and that the corporate authorities shall not add to the expenditures in any one year anything over and above the amount provided for in the annual appropriation ordinance for that year, except as otherwise specially provided. Section 8970 prohibits the mayor and council from making any contract or incurring any expense, unless an appropriation shall have been previously made concerning such expense, except as otherwise specially provided. Construing similar provisions of the statute, this court has held, in *Christensen v. City of Fremont*, 45 Neb. 160, that unappropriated general funds in a city treasury might be used for maintaining a light system, and that for such purposes no general appropriation ordinance was necessary as provided by statute. In *City of North Platte v. North Platte Water Works Co.*, 56 Neb. 403, and *Lincoln Land Co. v. Village of Grant*, 57 Neb. 70, it was held that section 8970 had no application to indebtedness or contracts creating it on account of water plants and their maintenance, as they come within the exception mentioned in the statute, and that no appropriation or estimate was necessary to the creation of such indebtedness. Several of the warrants in this case are drawn on the water fund and electric fund, respectively. The plaintiff failed to allege any facts showing these warrants were not within the exception, and as to those warrants it does not affirmatively appear that an estimate should first be made and an appropriation ordinance passed to authorize their issuance.

The other objection to the issuance of the warrants is a more serious one, viz., that they were issued in excess of 85

per cent. of the current levy and without any money to the credit of the funds on which they were drawn. Section 8962, Ann. St., 1907, provides: "Upon the allowance of claims by the council or trustees, the order for their payment shall specify the particular fund or appropriation out of which they are payable as specified in the annual appropriation bill to be passed in the manner hereinafter provided; and no order or warrant shall be drawn in excess of 85 per centum of the current levy for the purpose for which it is drawn, unless there shall be sufficient money in the treasury at the credit of the proper fund for its payment; and no claim shall be audited or allowed except an order or warrant for the payment thereof may legally be drawn." Under this section of the statute the village trustees were prohibited from issuing or drawing any warrant in excess of 85 per cent. of the current levy for the fund on which it was drawn, unless there was sufficient money in the treasury to the credit of the proper fund for its payment. In *Christensen v. City of Fremont, supra,* it appears that the money was on hand and in the treasury for the payment of the warrants drawn. The provisions of the statute relative to the issuance and payment of the warrants by the counties are quite similar to those regulating the issuance and payment of warrants by villages. *National Life Ins. Co. v. Dawes County,* 67 Neb. 40, was an action brought to recover on county warrants that had been issued in excess of 85 per cent. of the current levy. It was held that warrants so issued were void, and no recovery could be had thereon. In the opinion it is said: "In the case at bar, the objection to the validity of the warrants is not that the officers failed to comply with some law or rule of action relative to the mere time or manner of their procedure with which they might have complied; but the objection is that the officers could not by any manner of procedure issue any valid warrants against the fund in question. They were absolutely prohibited by statute

42

from so doing." *Bacon v. Dawes County*, 66 Neb. 191, was also an action to recover on county warrants issued in excess of 85 per cent. of the current levy. It was there said: "There can be no doubt that warrants drawn after 85 per cent. of the amount levied for the year is exhausted are not chargeable against the county where there are no funds in the treasury for the payment of the same. * * * If the county board could bind the county in this manner, it could evade all restrictions on the amount of the levy. It follows that the plaintiff cannot recover upon the warrants so drawn." In *Grand Island & W. C. R. Co. v. Dawes County*, 62 Neb. 44, it was held that a three-mill levy to pay warrants that had been issued in excess of the limit of 85 per cent. prescribed by the statute was illegal and the tax was void, and its collection was enjoined at the suit of a taxpayer. *Kelly v. Broadwell*, 3 Neb. (Unof.) 617, was a suit brought by a taxpayer to enjoin the treasurer of South Omaha from paying certain city warrants. It was alleged in the petition that no estimate had been made, no appropriation ordinance passed, and no fund provided against which the warrant could be lawfully drawn. It was there said that, if the record shows that these acts or any of them were not performed, then the warrants are illegal, and are not a lawful charge against the city, and the decree enjoining their payment must be affirmed. Under the statutes above quoted and the decisions of this court, we think the conclusion is irresistible that the warrants in question were issued without any authority of law and are absolutely void, and payment thereof should be enjoined at the suit of a taxpayer.

It follows that the judgment of the district court should be reversed and the cause remanded.

DUFFIE, EPPERSON and CALKINS, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.