G. SAM ROGERS V. CITY OF OMAHA.

FILED DECEMBER 20, 1905. No. 14,034.

Cities: EMINENT DOMAIN: AWARD OF DAMAGES: LIMITATIONS. Under the Omaha charter of 1893, a cause of action upon an award of damages to one, whose property was taken for a public street, did not accrue until the lapse of a time reasonably sufficient for the creation of a special fund for the payment of such damages.

ERROR to the district court for Douglas county: EDMUND M. BARTLETT, JUDGE. *Reversed.*

*W. A. Saunders* and *Fawcett & Abbott,* for plaintiff in error.

*John P. Breen, W. H. Herdman* and *A. G. Ellick, contra.*

AMES, C.

In August, 1893, the city of Omaha began proceedings in the exercise of the power of eminent domain for the appropriation of certain lands to the use of the public for a street. It is agreed that these proceedings were in all respects regular and according to law down to and including an order of the mayor and council, made in November, 1893, approving and confirming an award of a

commission of freeholders appraising damages and determining the sums to be paid to the several property owners for the lands so appropriated. This order confirmed to Fannie M. Croft four several sums of money for as many separate tracts of land belonging to her, which were included in the aforesaid proceedings. Nothing further appears upon the record to have been done about the matter until the 8th day of June of the following year, 1894, when the mayor and council attempted to enact an ordinance levying special assessments upon abutting property and creating thereby a fund for the payment of the awards of damages. This ordinance is admitted to have been void for irregularities in or preceding its passage. But the mayor and council, apparently acting in good faith, passed an ordinance purporting to appropriate the fund, contemplated to be raised by this supposed levy, to the payment of the several sums awarded to the property owners as damages, and directing warrants payable out of such fund to be drawn upon the city treasurer and issued to the several persons to whom awards had been made. This latter ordinance was approved by the mayor on the 16th day of June, 1894, and on the 23d of July four warrants drawn pursuant to it were issued to Fannie M. Croft, who on the same day caused them to be presented and registered for payment at the office of the city treasurer. When the city took actual possession of the lands for street purposes does not distinctly appear from the record. The petition alleges that it did so on or about July 1, 1894, but the answer fixes the date at or about November 4, 1893, the date of the confirmation of the award of damages, and there is an entire absence of evidence on the subject. But the city charter in force at that time, and governing the proceeding in question, enacted that "the damages, so assessed, shall be paid to the owners of such property, or deposited with the city treasurer subject to the orders of such owners, respectively, *after which* such property may at any time be taken for the use of the city," and this language is plainly an implied prohibition of such taking

until after the making of such payment or deposit. The mayor and council appear to have acted throughout in good faith and without intent to do any violent or illegal act, and we think that, in the absence of evidence, the fair inference is that they did not take actual possession until the proceeding was supposed to be substantially completed by the creation and appropriation of the fund, and the acceptance of warrants thereon by the property owners, such acceptance being regarded, perhaps, as a waiver of the actual payment or deposit of the sums awarded. The warrants and the claim for compensation have come by purchase and assignment to the plaintiff, who brought this action on the 7th day of June, 1899. The sole defense is that of the statute of limitations, which the trial court upheld, and the plaintiff prosecutes error.

The argument of the defendant in error, in brief, is this: That all the proceedings subsequent to the order confirming the award of damages, including the attempted levy, the appropriation ordinance and the warrants, were and are wholly void, and are incompetent, singly or collectively, to constitute a cause of action; and that the confirmation of the award of damages, which this court has held, in *City of Omaha v. Clarke*, 66 Neb. 33, constituted a cause of action, was made more than five years before the beginning of the suit, and is the only cause of action the property owner ever had, and is barred, the void proceedings being insufficient as acknowledgments or promises to toll the statute. But we think the decision in *City of Omaha v. Clarke* is distinguishable from the case at bar. In that case it was contended that the cause of action accrued at some earlier date than that of the order confirming the award, and apparently it was also contended that the order did not constitute an obligation in writing. The court overruled both these contentions, but they did not determine, and seemingly their minds did not advert to the question, when does a cause of action upon the award arise? It may not be necessary definitely to decide that question now. It is clear that a cause of

action does not arise upon it until it is due and demandable, and it is equally clear that it does not necessarily become so immediately upon the making of the order of confirmation. For the satisfaction of claims of this kind, cities are required to create a special fund, and such fund is in most cases derived wholly or in greater part from assessments levied in proportion to benefits upon adjacent property, which are limited in two respects: First, that they shall not exceed in any instance the amount of benefits conferred, nor in the aggregate the total cost of the improvement. As a condition precedent to the creation of the fund, therefore, these two elements must be ascertained, with as close approximation as possible, in some manner provided for by law, and the prescribed procedure must consume considerable time, and the mayor and council, or other municipal authority charged with the duty, cannot properly be regarded as in default while engaged in good faith in the prosecution of the requisite proceedings. What degree of wilful delinquency or delay, if any, in this respect, would amount to a default of payment entitling a property owner to sue on the award, is not now necessary to be determined, because it does not appear that any such occurred until well within the five year period of limitations. Nor is it necessary to determine what was the effect, if any, upon the operation of the statute of limitations of the taking possession of the land by the city without having in fact provided a fund for the payment of damages, because the burden of proof on this issue is upon the defendant, and it has not informed us when such possession was taken. We are disposed to think, however, that such unwarranted invasion of the rights of a property owner furnished him with an additional cause of action, but did not in any way affect or accelerate his right of action on the award, except that it might well be held to have fixed irrevocably its obligation thereon. What is clear is that, for nearly, but not quite, five years next before the beginning of the action, the defendant had been unlawfully in the occupancy of

the property in question, and during nearly the whole of that time it has not made or attempted any effectual effort to provide the compensation to which plaintiff is entitled both by the statute and by the constitution. But we are not prepared to hold, in the light of this record, that the delay from November 4, 1893, to June 14, 1894, during a considerable part of which time proceedings were in progress, was so unreasonable as to start the statute running upon the award before the latter date.

For these reasons, we recommend that the judgment of the district court be reversed and a new trial granted.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and a new trial granted.

REVERSED.