HENRY J. ABRAHAMS, APPELLEE, V. CITY OF OMAHA, APPELLANT.

FILED DECEMBER 5, 1907.    No. 15,004.

1. **Cities: WARRANTS: VALIDITY.** A warrant issued by a city in consideration of a demand which is a valid obligation payable out of its general funds is not invalidated by a recital, not contemplated by the statute, that it shall be payable out of a special fund which the city is not authorized to create, or out of a special fund which the city may lawfully create, but the failure to create which is due solely to the fault or negligence of the city.

2. **Limitation of Actions: ACKNOWLEDGMENT OF DEBT.** A warrant issued by the proper authorities of a city in consideration of a valid indebtedness against it is a written acknowledgment of such indebtedness and promise to pay it, and arrests the running of the statute of limitations.

APPEAL from the district court for Douglas county: LEE S. ESTELLE, JUDGE. *Affirmed.*

*Harry E. Burnam, I. J. Dunn* and *John A. Rine,* for appellant.

*George W. Shields, contra.*

AMES, C.

This is an appeal from a judgment against the city of Omaha. The facts are the same as, or precisely similar to, those considered in the two former decisions of this court in the two cases of *Rogers v. City of Omaha,* 75 Neb. 318, 76 Neb. 187. We have not been advised by counsel and do not understand that any principle is invoked that was not involved in and expressly or by necessary implication determined by these two decisions, which are not assailed as erroneous or asked to be in any respect overruled or modified. Under such circumstances, a statement of the facts in detail or an elaboration of the principles of law applicable to them does not seem to us to be called for.

The plaintiff is the assignee for value and the owner of three claims against the city. One of them accrued to Mrs. Sarah J. Haskell for the value of real property taken from her by the city in the exercise of the power of eminent domain under precisely the same circumstances, so far as we can see, as those in which the property of Mrs. Croft was taken in the case first cited. Warrants were issued in satisfaction in the same form, and payment thereof was delayed and finally refused for the same reasons and for about the same length of time in one case as in the other, and in both cases the negligence, ineptitude or irregularity of the city, not of the plaintiff, is relied upon as having set the statute of limitations in motion, and to have operated as a bar. a short time before the action was begun. Another of these claims is for the contract price of sewers constructed in like circumstances as those in which the work of street grading was done by the plaintiff's assignor in the second of the cases above cited, in satisfaction of which warrants were issued in like form as in that case, and payment in like manner delayed and finally refused,

because of irregularities committed by the city authorities, in consequence of which their attempt to create a special fund for the purpose was unavailing. The third claim is for the contract price of making certain water service connections, for which the charter provides that the city may reimburse itself by withholding an equal amount accruing from it to the water company on account of water furnished for city uses. The city undertook to provide payment for this service by creating a special fund by special taxation upon adjacent property, which it is contended that it is without lawful authority to do, and the warrants recited that they should be payable out of such fund. The recital, we think, was, if the contention is sound, mere surplusage, not affecting the validity of the instrument as general obligations of the city. The work on this contract was completed on October 7, 1893, but the matter was not finally adjusted and the warrants issued until the 15th of December following. This action was begun November 23, 1898, so that the five years' interval began between the time of the completion of the work and the issuance of the warrant. We think the warrants executed and delivered by the competent city authority are a written acknowledgment of the claim and a promise to pay it which is obligatory upon the city and arrested the running of the statute of limitations, if the running of the latter had previously begun, which we do not decide. There is a similar series of dates respecting the other two claims. All the issuable facts and circumstances are set forth in the pleadings and established by the evidence, and it appears to us to be immaterial, so far as the statute of limitations is concerned, whether the action is regarded as founded upon the warrants or upon the contract in satisfaction of which they were given. In either view the statute is not available as a defense. In all these instances, however, the warrants were issued in consideration of demands which were valid obligations of the city, payable out of its general funds, and, in our opinion, the instruments were not

21

invalidated by a recital, not contemplated by statute, that they should be payable out of special funds, which in one instance the city was not authorized to create, and which in the other two instances there was a failure to create, due solely to the fault or negligence of the city.

We recommend, therefore, that the judgment of the district court be affirmed.

FAWCETT and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.