ANNA M. GOODRICH AND OTHERS, PLAINTIFFS IN ERROR,
v. THE CITY OF OMAHA, DEFENDANT IN ERROR.

1.  **Cities:** CHANGE OF GRADE: DAMAGES: SPECIAL ASSESS-
    MENT. Damages occasioned by a change of the established
    grade of a street, which have been ascertained and paid to
    property owners, as provided in sec. 40 of the act to incorpor-
    ate cities of the first class, cannot be re-imbursed to the city
    by means of a special assessment laid upon the lots abutting
    said street.

2.  ———. ———: ———. Whether, in view of the constitu-
    tional provision that "the property of no person shall be ta-
    ken *or damaged* for public use without just compensation"
    [Sec. 21 Bill of Rights], a statute expressly authorizing such
    assessment could be upheld, *quære.*

ERROR to the district court for Douglas county. The
action was brought there to set aside and perpetually
enjoin the collection of a special tax levied upon real
estate of plaintiffs, by the city council of the city of
Omaha, to defray the expense of bringing a part of
Farnham street to the established grade. The defend-
ants demurred to the petition, and the court, by SAV-
AGE, J., sustained the demurrer and rendered judg-
ment for the defendants.

*George E. Pritchett,* for plaintiffs in error, cited:
*Hurford v. City of Omaha,* 4 Neb., 340.

*Charles F. Manderson,* for defendant in error, cited:
Secs. 40, 41, 42, and 45, Gen. Stat., 123, 124. *Scoville
v. Cleveland,* 1 Ohio State, 126. *Butler v. Toledo,* 5 Ohio

NOTE.—Where a building is erected on a lot abutting on a street
of a city prior to the establishment of the grade thereof, the city is
not liable for damages sustained by the owner in consequence of a
lowering or cutting down of the street in front of said lot in conform-
ity to the street grade. *Nebraska City v. Lampkin,* 6 Neb., 31. And
see this same case for evidence necessary to prove the establishment
of a grade.—REP.

State, 225. *Hill v. Higdon*, 5 Ohio State, 243. *Ernst v. Kunkle*, 5 Ohio State, 521. *Northern Indiana R. R. v. Connelly*, 10 O. S., 160. *Creighton v. Scott*, 14 Ohio State, 438. *Hines v. Leavenworth*, 3 Kansas, 186. *Lumsden v. Cross*, 10 Wisconsin, 282. *Dorgan v. Boston*, 12 Allen, 223. *McGee v. Pittsburg*, 46 Penn. St., 358. *Hammett v. Philadelphia*, 65 Penn. St., 146.

" On petition to municipal authority asking that a street may be paved, the city council may regulate the surface of the street by filling and excavating preparatory to paving it, and include as a necessary incident the cost of such grading in the assessment for the costs of the paving." *State v. Elizabeth*, 1 Vroom, 364. " The word pave means everything necessary thereto." *Buell v. Ball*, 20 Iowa, 282. " Macadamizing means trimming and guttering." *McNamara v. Estes*, 22 Iowa, 246.

LAKE, J.

The only question in this case is whether damages occasioned by a change of the established grade of a street, which have been ascertained and paid to property owners, as provided in Sec. 40 of the Act to Incorporate Cities of the First Class [Gen. Stat., 123], can be reimbursed to the city by means of a special assessment laid upon the lots abutting said street. The question itself seems to suggest a negative answer, for it would be highly absurd to denominate the mere formality of handing a sum of money to a lot owner as damages, and at once recovering it from him by means of a special assessment upon his damaged property, a payment. Fortunately the legislature have neither recognized nor permitted such a course to be pursued.

The section of the statute referred to provides that a grade once established may be changed, but only

upon certain conditions—one of which is that the damages occasioned by the change, after being ascertained as therein directed, be tendered to the "property owners, or their agents, before any such change of grade shall be made."

In *Hurford v. The City of Omaha*, 4 Neb., 336, the provisions of this section were held to be mandatory, permitting no change of a grade once established unless observed. The "*change of grade*" here provided for has no direct reference to actual work upon the street, which may not take place for months, or even years, after the "change" is made, but merely to the ideal rise and fall or elevation of its surface between given points as re-established, considered in comparison with the old grade and shown by proper profile, and to which it may thereafter be lawfully brought, either by cutting down or filling in, or both. In establishing or re-establishing the grade of a street or a portion thereof, it cannot be supposed that reference is had solely to the wants or conveniences of the owners of property abutting thereon, but rather to a system of grades for the ways of the entire city, devised for the benefit of all. Such evidently was the view taken by the legislature in providing for the payment of damages by the city prior to making any change in an established grade.

But from whence is the necessary money with which to make payment or tender of these damages to come? In the absence of a special provision for raising it we know of but one source—the general fund of the city. From this fund it was doubtless intended by the legislature that it should be taken as a legitimate expenditure, and there is no provision made for its repayment. Had it been the intention of the legislature that the amount thus expended should be returned to the treasury by means of a special assessment against

the property on the line of the street, including that damaged, such intention would doubtless have been expressed in unambiguous language. At all events, it must be so expressed before we can consent to the enforcement of so unjust a rule in the distribution of the burdens of government.

The claim of counsel for the city that such special assessment is authorized by the next succeeding section of the statute is, we think, unwarranted. This section does not in any way refer to the steps necessary to the nominal establishment or change of the grade of a street, avenue, or alley, but simply to the actual labor and expense of bringing it to the " established grade," and in paving, macadamizing, or othererwise improving the same for public use. That the " grading " of a street, for which the abutting proprietors may be specially taxed, does not include the expenses incident to the *establishment* of the grade is apparent from an inspection of other sections of the same act, particularly sec. 43, which provides that: " All *grading*, paving, macadamizing, or guttering of any streets, avenues, or alleys in the city, for which, or any part thereof, a special tax shall be levied, shall be done by contract with the lowest responsible bidder, to be determined by the council." Not only is there nothing in the statute from which it can reasonably be inferred that the legislature intended this burden might be specially assessed, either in whole or part, upon the property damaged, but in view of the constitutional provision that " the property of no person shall be taken *or damaged* for public use without just compensation " [sec. 21, Bill of Rights], it may well be doubted that an express enactment to this effect could be upheld.

Several cases are cited by defendant's counsel in support of such assessment, but an examination of the

statutes under which they were decided will show, we think, that on this particular question they cannot properly be regarded as authority here. The first of these cases, and the one most relied on, is that of *Scofield v. The City of Cleveland*, 1 Ohio State, 126, where, as will be seen, the city charter provides " that any one damaged by reason of such improvement may file his claim in writing in the office of the city clerk within ten days after the expiration of said six weeks' notice; and the said committee shall assess damages, if any, to such claimants, and shall add the same to the costs of the improvement, as a part of the expense thereof, to be assessed as aforesaid," upon the grounds abutting upon the street or roads improved.

Being of opinion that there was no authority for including the expenses incident to changing the grade in the amount assessed upon the property in question, the judgment of the court below must be reversed, and a judgment entered in this court conformably to the prayer of the petition.

JUDGMENT ACCORDINGLY.