CITY OF JEFFERSON v. JOHN E. WELLS et al., Appellants.

Division One, December 31, 1914.

1. JUDGMENT: Conformity to Verdict: Condemnation: Verdict for Damages: Charged Against Abutting Property. Where in a suit by the city to condemn land for a public street, upon a trial by a jury upon exceptions to the commissioners' report filed by one of the abutting landowners, the jury find by their verdict that the value of the land taken and damages to that not taken are $2750, the benefits to the residue of the land amount to $2000, and that his net damages are $750, for which net amount

they return their verdict, a judgment which charges back against the land not taken the said $750 or any part of it, does not conform to the verdict, and should be set aside.

2. ————: ————: ————: ————: ————: Sec. 9262, R. S. 1909: **Constitutionality.** Sec. 9262, R. S. 1909, pertaining to condemnation of land by cities of the third class for a public street, means that the value of the land taken and the damages to the residue may be paid by special benefits to that not taken, due to the public improvements, and if the damages exceed the benefits such excess must either be paid by the city or the proceedings be dismissed. It cannot be taxed back against the land not taken as a further benefit. To do that would render the statute unconstitutional.

   *Held*, by GRAVES, J., that the statute does not contemplate the assessment of benefits for the purpose of a street improvement against land which has been taken or damaged in the actual establishment of the street.

   *Held*, also, that, if the city intends to exert its taxing power by requiring benefited property to pay the damages found in the condemnation proceeding, the statute contemplates a benefit district which shall include more land than that taken or damaged and sufficiently large to include all lands benefited, or at least enough to make the benefits equal to the damages, and in that view of it, it is not unconstitutional.

3. **CONDEMNATION: Reduction of Damages: Twice Assessed.** Where the jury, in the condemnation proceeding to open a public street, takes into consideration by its verdict the peculiar benefits to the property not taken, in reduction of the abutting owner's damages, there cannot thereafter be a further ascertainment of benefits, and no further assessment of damages in excess of such benefits can be made against the property. The owner's damages in excess of benefits having by the jury's verdict been ascertained to be a net sum, it would be to violate the provision of the Constitution declaring that private property cannot be taken or damaged for a public purpose without just compensation, to permit such excess to be charged back against the same land as a further benefit.

4. **APPEAL: Bill of Exceptions: No Motion for New Trial.** Unless there is a motion for a new trial a bill of exceptions cannot be considered. There being no such motion, but only a motion in arrest of judgment, the only thing before the appellate court on appeal is the record proper.

5. ————: **Withdrawal of Exceptions.** A withdrawal of an offer to read to the jury the exceptions of a defendant to the commissioner's report in a condemnation case is not a withdrawal of the exceptions themselves and hence not a withdrawal of a request for an assessment of damages by the jury.

Appeal from Cole Circuit Court.—*Hon. J. G. Slate,* Judge.

REVERSED AND REMANDED.

*Perry S. Rader* for appellants.

(1)   The judgment must conform to the verdict. It is a universal principle of law that the judgment must respond to and be based upon the verdict. In this case the verdict in unmistakable terms finds "that the net damages of said defendants is $750, for which said amount we return our verdict for said defendants." Upon that verdict defendants were entitled to a clear and unmistakable judgment to the effect that the city was entitled to defendants' land taken for the street upon the payment to said defendants or into court for them of the $750, and the court was unauthorized to tax three-fourths of this $750 "damages" against appellants' remaining property, and its judgment doing so is not in conformity with the verdict. Hall v. Mullanphy, 16 Mo. App. 456; State v. Hesterly, 178 Mo. 44; Black on Judgments (2 Ed.), sec. 142; Ringle v. Freeholders, 56 N. J. L. 66; Secs. 9269, 9271, 9272, R. S. 1909; Gage v. Weineck, 148 Ill. App. 142; Haumueller v. Ackermann, 130 Mo. App. 387; Railroad v. Mathews, 87 Pac. (Mont.) 461; Sec. 1993, R. S. 1909. Where, in a condemnation case, benefits to the property affected by the improvement, are taken into consideration by the jury in their verdict, as the verdict clearly shows was done in this case, there can thereafter never be any further assessment of benefits in favor of the condemnor. 2 Lewis on Eminent Domain, sec. 704; Norfolk v. Chamberlain, 89 Va. 196; Davis v. Newark, 54 N. J. L. 595; Goodrich v. Omaha, 10 Neb. 98; Leopold v. Chicago, 150 Ill. 598. A separate finding of damages and benefits was not error. Butte

County v. Boydson, 64 Cal. 110; Beekman v. Jackson County, 180 Ore. 287; Water Co. v. Chambers, 2 Beas. (N. J.) 199; Packard v. Railroad, 54 N. J. L. 559. And that is the meaning of the statute. Secs. 9262, 9269, R. S. 1909. (2) If the statutes (Secs. 9269-9275, R. S. 1909) authorize the judgment in this case, then said statutes are violative of the clause of the State Constitution (Art. 2, sec. 21) declaring that "private property shall not be taken or damaged for public use without just compensation. Such compensation shall be ascertained by a jury . . . and until the same shall be paid to the owner, or into court for the owner, the property shall not be disturbed or the proprietary rights of the owner therein divested;" and of that part of the U. S. Constitution (14th Amendment, sec. 1) declaring that no State shall "deprive any person of life, liberty or property without due process of law, nor deny to any person within its protection the equal protection of the laws." If the value of defendants' land and improvements thereon taken by the city for the street is $2750, as found by the jury, that value can be paid only in benefits to their property not taken or in money, and if the value of those benefits will be $2000, reducing their net damages to $750, that net damage can be paid only in money, and to charge it back as an assessment on defendants' property not taken, in whole or in part, would be to take that much, at least, of their property without just compensation. Norwood v. Baker, 172 U. S. 269; Norfolk v. Chamberlain, 89 Va. 196; Detroit v. Daly, 68 Mich. 503; Bauman v. Ross, 167 U. S. 574; Bloomfield v. Latham, 143 Ill. 474; Scott v. Toledo, 1 L. R. A. 688; Bennett v. Woody, 137 Mo. 383; Matter of City of New York, 190 N. Y. 350; Railroad v. Brick Co., 198 Mo. 714; Seely v. Pittsburg, 82 Pa. 360; French v. Paving Co., 181 U. S. 349. (3) The judgment is contradictory and self-destructive.

*H. J. Westhues* and *Pope & Lohman* for respondent.

(1) The motion in arrest of judgment was filed and determined before the judgment was entered, as appears by the record, and on the same day, same term and same page it appears that appellants filed their affidavit for an appeal and the same was granted when filed. The city had no opportunity after the verdict of the jury was confirmed to take any further steps until an appeal was prayed for and granted. Sec. 9271, R. S. 1909, provides for a final judgment in the case, and section 9272 provides that the city shall have a reasonable time, to be fixed by the court, after final judgment of the circuit court, and after the final determination of all appeals therefrom, to pay damages assessed for the taking or damaging of property. (2) The bill of exceptions does not appear from the abstract to have been allowed or signed by the judge, and therefore nothing is before the court except the record proper. Keaton v. Weber, 233 Mo. 691; Garth v. Caldwell, 72 Mo. 622; Alt v. Dines, 227 Mo. 418; Reno v. Fitzjarrell, 163 Mo. 411; Roberts v. Jones, 148 Mo. 368; Langstaff v. Webster Groves, 246 Mo. 223; Cooper v. Maloney, 162 Mo. 684; Bank v. Hutton, 224 Mo. 42; Buchanan v. Exposition Co., 245 Mo. 337. (3) The city can condemn private property for establishing or extending any street. R. S. 1909, sec. 9261. (4) The proceedings instituted by plaintiff were strictly in accordance with the statute. R. S. 1909, secs. 9262 et seq. (5) The exceptions filed by appellants as to the value of their property, the damages and benefits thereto as made by the commissioners were withdrawn and they cannot now complain when a greater amount has been awarded them by the court than reported by the commissioners. They can only complain of other objections contained in their exceptions.

The only other complaint is as to the constitutionality of the law under which the proceeding is instituted, which was settled when appellants failed to except to the action of the court in affirming the acts of commissioners in all things except giving a jury trial to them to determine their damages, which they afterwards withdrew. The city has a right to dismiss its suit at any time before it has collected the benefits or taken possession of the property condemned, and thereupon be liable for costs. The judgment was not final until the happening of these matters. R. S. 1909, sec. 9268; Freeman on Judgments (4 Ed.), sec. 34. (6) The judgment was entered in accordance with Sec. 9269, R. S. 1909, but was not a final judgment. It was in the alternative, to take effect upon payment of the compensation assessed, and could have been avoided by plaintiff dismissing its suit. There could be no final judgment until the city had actually collected and received benefits assessed or taken possession of the property condemned. R. S. 1909, secs. 9268-9-70-71-72-73-74; R. S. 1909, sec. 2038; Freeman on Judgments (4 Ed.), secs. 33-4. (7) The final judgment in this proceeding would be the judgment and decree of the court that the title, in fee, and every interest in the land condemned be divested out of the owner and vested in the city. R. S. 1909, secs. 9271-2; R. S. 1909, sec. 2090; Baker v. St. Louis, 189 Mo. 375. (8) In order to determine the proper procedure to be had in the case as well as the question as to what is a final judgment in the case, the whole statute, from section 9261 to section 9275, inclusive, must be read together. (9) Appellants should have appeared and raised the constitutional question when summoned. It was too late after the commissioners had performed their duties. The statute authorized the review of the report on written exceptions and authorized the court to "make such order as right and justice may require," and to order a new appraisement on good cause

shown. The court orders a new appraisement by a jury under the supervision of the court and in all other things confirms the action of the commissioners, to which action of the court no exceptions were taken or saved and therefore the action of the court in over-ruling appellants' exceptions as to constitutionality of the proceeding is not the subject of review.

WOODSON, P. J.—This suit was instituted in the circuit court of Cole county, by the city of Jefferson against John E. Wells et al., to condemn a strip of ground sixty feet wide, for street purposes, from the present eastern terminus of McCarty street to the eastern boundary of said city, being nine hundred and three feet in length.

The trial ultimately resulted in a judgment assessing certain damages and benefits in favor of the defendants, from which only the defendant Wells and his sister appealed.

The facts are undisputed, and are substantially stated by counsel for defendants in the following language:

"Outlot No. 61 in the city of Jefferson consists of twenty acres of land. Its easterly line is the easterly corporate limits of the city, its northerly line is High street, its southerly line a road, or Miller street, and its westerly line is Benton street (or alley), which is thirty feet wide. The westerly half and the southeast quarter of this outlot 61—fifteen acres—belongs to appellants John E. Wells and Catherine Wells as cotenants; the remaining five acres, the northeast quarter, belong to defendant Frederick H. Zeitz, who does not appeal, and who abided by the report of the commissioners. Appellants' fifteen acres in said outlot have for many years been used as a home—years ago by appellants' father, Judge Wells; later, by appellants; and for four years by a tenant, Peter Bolton, a brother-in-law of John E. Wells. Four or five acres

of appellants' land is in orchard—apple trees—and the balance is used for garden, pasture and meadow, dwelling house, farm, etc.

"McCarty street, in Jefferson City, terminates on the east at the westerly line of this outlot No. 61. The purpose of this procedure is to extend that street easterly through that lot to the easterly extremity of the city, by taking a strip sixty feet wide almost through the middle of said outlot No. 61. There is a seven-room house, a barn and crib, a. cistern and twelve apple trees on the sixty-foot strip proposed to be taken as a street. It was not proposed by the proceeding to grade or pave the ground to be taken, or to construct sidewalks. It was proposed simply to condemn that sixty-foot strip for street purposes. The case is, therefore, one purely of eminent domain and taxation. (I suppose he means eminent domain and not taxation.)

"The city enacted an ordinance, No. 1124, January 20, 1913, establishing and extending McCarty street through said outlot No. 61 to the easterly line thereof, over land owned by defendants Wells and Zeitz, a distance of 903 feet, sixty feet wide; and on February 4, 1913, the city enacted another ordinance, creating a benefit district within which private property should be assessed to pay for the property to be appropriated and the damage sustained by the establishment of said street, and defining the limits of such district to be the whole of outlot No. 61, and nothing more.

"Thereafter the city filed its petition in the circuit court, basing its cause of action on said ordinances and sections 9261 to 9275, Revised Statutes 1909, and asking for the appointment of commissioners to 'assess the damages which said owners may severally sustain by reason of the taking or damaging of such real estate by the city of Jefferson aforesaid for the purpose of extending and establishing McCar-

ty street through said outlot No. 61 as heretofore set out and to assess the property benefited by such improvements within the limits of said outlot No. 61 to pay therefor.' The petition says that the northerly line of the sixty-foot strip to be appropriated was 433 feet from High street; it does not state the distance from the southerly line to Miller street. The said outlot was bounded on its northerly side by High street, which was then and had been for many years an established street or public road.

"The commissioners reported that 13545 square feet of the property of F. H. Zeitz were appropriated for said street, and assessed his damages at $27 and charged his remaining property with $60 benefits. They found that 40635 square feet of the property of appellants John E. and Catherine Wells were appropriated for said proposed street, and 'that their damage on account of appropriating said property and the improvements thereon, consisting of a dwelling house, cistern, stable, fencing and from all other causes in connection with extending of said street through and over their property' was $328, and finding the lands of these appellants, 'consisting of fifteen acres, including the amount taken as a street, is benefited as a whole, the same being in one tract and owned by the same parties, in the sum of $295, the said sum of $295 is assessed as the amount that said tract of land ought to be charged with on account of benefits by reason of the opening of the street aforesaid for the purposes of paying the sum of $355, the total amount of damages found to have accrued to all of the lands lying in outlot No. 61 on account of the opening of the street through the same.'

"On the first day of the next regular term of the court, the defendants John E. and Catherine Wells filed their written exceptions to said report and asked for an appraisement by a jury. The report was confirmed as to Zeitz, who filed no exceptions, and the

exceptions of these appellants were sustained as to the request for a jury to assess their damages, and a jury was ordered, qualified and sworn.

"The court held the burden of proof was on the defendants, and required them to open the case. Defendants' counsel thereupon offered to read to the jury that part of the exceptions of John E. Wells and Catherine Wells in which is set forth the property attempted to be taken by this proceeding, and what appellants allege therein to be its value, and said request was denied by the court, and defendants were compelled to forego the right to read their exceptions or any part thereof or any formal pleadings to the jury.

"The case proceeded to trial, and defendants' evidence showed that there was on the sixty-foot strip of their ground to be taken for the street, a house worth from $800 to $1400, a barn and crib worth from $200 to $300, a cistern worth $75, twelve apple trees worth from $30 to $120, all belonging to these appellants; that there was an orchard of four or five acres on appellants' land and most of the balance was used for pasture or meadow, and that a fence to inclose the land after the opening of the street would cost $100. The witnesses placed the value of appellants' land to be taken, exclusive of the improvements, at from $800 to $1800."

The jury returned the following verdict (formal parts omitted):

"We, the jury in the above entitled cause find that the value of the ground of the defendants, John E. Wells and Catherine Wells, taken by the city of Jefferson for the prolongation of McCarty street through outlot No. 61, including the value of the house, barn, cistern and apple trees thereon, and including the cost of the construction of a new lawful fence along their remaining lands in said lot made necessary by the opening of said street, is $2750. We find that the value of the benefit to their remaining lands

that will result from opening said street will be $2000. We therefore find that the net damages of said defendants is $750, for which net amount we return our verdict for said defendants.''

Upon this verdict of the jury the court rendered the following judgment (formal parts omitted):

''Now again come the parties to this suit and the court being fully advised in the premises confirms the action of the commissioners in awarding damages to F. H. Zeitz in the sum of twenty-seven ($27) dollars, and the verdict of the jury in awarding damages to John E. and Catherine Wells in the sum of seven hundred and fifty ($750) dollars.

''It is thereupon adjudged by the court that the plaintiff, the city of Jefferson, have and hold the property so to be taken for a street through outlot No. 61, of the city of Jefferson, by extending McCarty street, in said city from its present terminus at the westerly line of outlot 61, easterly through said outlot to the easterly line thereof, over land owned by John E. Wells and Catherine Wells and Frederick H. Zeitz, a distance of 903 feet, said street to be 60 feet wide, parallel with High street, and northerly line of said street to be distant 433 feet from the southerly line of High street, as designated and marked out by Charles A. Winston, Thomas Kierns and A. J. Hoefer, commissioners of this court, the said proposed street being an extension and prolongation of McCarty street, easterly through said outlot 61 to the easterly line thereof, upon payment of said sum of $750 to the said John E. Wells and Catherine Wells and $27 to Frederick H. Zeitz, the same being the amount awarded him by the commissioners appointed by this court for damages to his property, said amounts being compensation to them in full for the damages by them severally sustained by reason of the taking and appropriation of their lands for the location of the aforesaid street;

and it is further considered and adjudged that the said plaintiff, the city of Jefferson aforesaid, recover the sum of $777, the amount of the damages so assessed for the opening of said street, against all of the property included in said outlot 61, except that part thereof appropriated for the street aforesaid, as specified in ordinances of said city, certified copies of which are filed in the office of the clerk of this court with the petition of the plaintiff herein, numbered 1124, passed and approved on January 20, 1913, entitled 'An ordinance establishing and extending McCarty street in the city of Jefferson, from its present terminus at the westerly line of outlot No. 61 of said city, easterly through said outlot to the easterly line thereof, over lands owned by John E. Wells, Catherine Wells and Frederick H. Zeitz, a distance of 903 feet, said street to be 60 feet wide and parallel with High street as now established, the northerly line of said street to be distant 433 feet from the southerly line of High street,' and ordinance numbered 1133, passed and approved February 4, 1913, entitled 'An ordinance defining the limits within which private property shall be assessed to pay for the property necessary to be appropriated and the damage thereby sustained, to open and extend McCarty street in the city of Jefferson, from its present terminus at the westerly line of outlot No. 61 of said city, easterly through the said outlot to the easterly line thereof, over land owned by John E. Wells, Catherine Wells and Frederick H. Zeitz, a distance of 903 feet, said street to be 60 feet wide, parallel with High street, as now established, the northerly line of said street to be distant 433 feet from the southerly line of High street, as ordained by ordinance No. 1124, passed and approved January 20, 1913, and also fixing the time and mode of payment of such assessment and the penalty for failure to pay the same when due, as required by section 9262 of the Revised Statutes of Missouri of

1909,' and that the sum of $777 be charged as a lien thereon and collected therefrom, as provided for under the provisions of said ordinances; and it further appearing to the court that under the ordinances of the city of Jefferson aforesaid, under which this proceeding was instituted, all of the land included in said outlot 61 is owned by the said Frederick H. Zeitz, John E. Wells and Catherine Wells, and that the land of the said Frederick H. Zeitz ought to be charged with one-fourth of the amount of damages so assessed and the lands of the said John E. and Catherine Wells, by them owned as tenants in common, ought to be charged with three-fourths of the amount of such damages, and that the amount that ought to be charged against the said lands of the said Zeitz is $194.25 and that the amount that ought to be charged against the lands of the said John E. Wells and Catherine Wells is $582.75.

"It is therefore further adjudged that the said city of Jefferson recover the said sum of $194.25 against the property of said Frederick H. Zeitz described as the northeasterly quarter of outlot 61, of the city of Jefferson, in Cole county, Missouri, and that the said city of Jefferson recover the said sum of $582.75 against the property of the said John E. Wells and Catherine Wells described as the southerly half and northwesterly quarter of said outlot 61, except the parts of each tract included within the street aforesaid, to pay the compensation for the damages sustained by the said owners of said property by reason of the location of said street, and that said amounts be charged as special liens upon the said tracts of land against which this judgment is rendered, and if the said judgments against the said tracts of land are not paid within sixty days from the date hereof that a penalty of ten per cent be added thereto for non-payment thereof in each case, and that each of said judgments shall bear interest at the rate of eight per cent per annum after sixty days from date of this judgment until

paid; and it is further ordered that if payment be not made within sixty days from this date that a special execution issue from the office of the clerk of this court against the property of each of said parties as hereinbefore set out and described, directed to the sheriff of Cole county, Missouri, commanding him to levy and collect the amounts charged against each of said pieces of property, together with the penalty and interest as herein provided, out of said property, by levy thereon and sale thereof as in ordinary cases of special execution; and it is further ordered and adjudged that all of the costs that have accrued in this case up to and including the rendition of the judgment herein be taxed against the plaintiff and that execution may issue against it therefor."

The defendants in due time filed a motion in arrest of judgment, but no motion for a new trial was filed.

Defendants also filed a bill of exceptions; and duly appealed the cause to this court.

I. Counsel for appellant first asks for a reversal of the judgment rendered herein, for the reason stated, that it does not conform to the verdict of the jury.

Judgment and Verdict.

The verdict of the jury awarded to appellants Wells, the sum of $2750 damages, and the sum of $2000 benefits, which left a net sum of $750 damages due Wells; and the commissioners awarded $27 damages to Zeitz and $60 benefits.

The court instead of entering judgment in favor of Wells for said $750, did, under the authority of ordinance No. 1133 of the city of Jefferson, add together the damages assessed in favor of Wells and Zeitz, making $777, and assessed three-fourths of that amount, $582.75, back and against Wells's three-fourths of said lot sixty-one; and the other one-fourth of said $777, which was $194.25, back and against

Zeitz's one-fourth of said lot, both sums to be due in sixty days, and if not then paid an execution was ordered to issue from the office of the circuit clerk against both of said tracts in said lot sixty-one, directing the sheriff to sell each and collect the respective amounts assessed against each of said pieces of property.

If the judgment in favor of Wells had followed the verdict, the judgment would have been in his favor for said $750; and had the judgment followed the award of the commissioners in favor of Zeitz, the judgment would have been for $33 benefits entered against his land, the difference between the damages and benefits assessed against his tract.

According to the law announced in the cases to be presently mentioned, the judgment here rendered is erroneous in that it does not follow the verdict of the jury, without that error is cured by virtue of section 9262, Revised Statutes 1909, which will be considered in the next paragraph of this opinion.

The cases above referred to are: Hall v. Mullanphy Planing Mill Co., 16 Mo. App. 454; State v. Hesterly, 178 Mo. 43; Haumueller v. Ackermann, 130 Mo. App. 387; Black on Judgments (2 Ed.), sec. 142; Ringle v. Freeholders, 56 N. J. L. 661, l. c. 666; Secs. 9269 to 9272, R. S. 1909.

II.  Counsel for the city insist that the judgment of the circuit court was authorized and is in conformity to the provisions of said ordinance No. 1133, which it is claimed is based upon and authorized by sections 9262 to 9269, both inclusive, of Revised Statutes 1909, and especially the first mentioned, and consequently it is a valid judgment.  Said section 9262, in so far as is here material, reads as follows:

*Statute: Assessment of Damages in Excess of Benefits.*

"Whenever the mayor and board of aldermen shall provide by ordinance for establishing, opening, widening, extending or altering any street, avenue, alley, wharf, creek, river, water course, market place, public park, public squares, or for establishing a market house, or for taking private property for any other necessary public purpose, and it shall become necessary for that purpose to take or damage private property, the mayor and board of aldermen shall, by ordinance, define the limits within which private property shall be assessed to pay for such improvements, and the time and mode of payment of such assessment and the penalty for failure to pay the same when due. The city shall thereupon apply to the circuit court of the county in which such city is located, or to the circuit judge of that judicial circuit in vacation, by petition, setting forth the use for which said land is to be taken and dedicated; the names of the owners of the several lots or parcels of land, if known, or if unknown, a correct description of the parcels whose owners are unknown, and praying the appointment of three disinterested commissioners, freeholders of property in the county where such city is situated, to assess the damage which said owners may severally sustain by reason of the taking or damaging of such real estate by the city, and to assess the property benefited by such improvements within the limits to pay therefor, which said petition and a certified copy of said ordinance shall be filed in the office of the clerk of the circuit court of said county, and to which petition the known owners of all such lots or parcels of land to be taken or damaged by the reason of the proposed improvement shall be made parties defendant by name."

Counsel for appellants insist that the meaning of this statute is, that the benefit district provided for therein must be such that the benefits to be assessed against property to be benefited by the improvements

proposed, must equal or exceed the amount of the damages that will be awarded, to be used as compensation for the land to be taken for street purposes and the damages that will be done thereby to the remainder of the property not taken, and that 'if said benefits do not equal said damages, then the city must either pay the deficiency out of its own treasury so as to make the two equal; or the city might increase or decrease the boundaries of the district so that the benefits to property would equal the damages done thereto; or dismiss the proceedings as is provided for by said section 9268.·

If this is not true, then the city with design or innocently, for that matter, may order a street opened, and establish a benefit district which would include only such property as would be damaged by the establishment of the street, and then assess the damages in one act, and in the next, assess sufficient benefits against the same property to pay the damages done thereto. The. mere statement of the proposition reveals the absurdity thereof, if the mandates of the State and Federal Constitutions are to be obeyed in such proceedings.

According to the appellants' construction of said section 9262, the benefits assessed against the benefited property would pay the. damages assessed in favor of the damaged property, or if benefits are not equal to the damages, then the city must make up the deficiency or dismiss the proceedings. In my opinion, the contention of counsel for appellants is clearly the meaning of this statute.

If this is not its meaning, but the construction placed upon it by counsel for respondent is correct, then clearly the statute is unconstitutional, null and void, for it both takes and damages appellants' property without just compensation, for the verdict of the jury shows that appellants' net damages over and above all benefits, is $750. And instead of the city

paying appellants that sum, as required by section 21 of article 2 of the Constitution of Missouri, and section 1 of the 14th Amendment of the Constitution of the United States, the judgment of the circuit court charged back to or assessed three-fourths of that damage, which was $582.75, against the remainder of their lands, and the other one-fourth thereof, which was $194.25, against the lands of Zeitz, which according to the judgment must be paid into the city treasury within sixty days from the date of the rendition of the judgment or execution will issue thereon.

Such is "just compensation" with a vengeance, within the meaning of the State and Federal Constitutions.

It not only wiped out the $750, the net damages the jury awarded appellants, without paying them one cent of it, but upon the other hand adjudged the $582.75 against them, or rather against the remainder of their lands, which with eight per cent interest they must pay in sixty days. In other words, appellants have lost said $750 damages and must pay in addition the $582.75, which sums added together equal $1332.75, the net damages they have sustained over and above the $2000 benefits assessed in their favor. Or in short, the city has taken appellants' land, worth $2750, and has a judgment against them for $582.75, and they have received not a wrapping of a finger in return, except the $2000 benefits assessed against the remainder of their land.

Appellants would have been far better off had they made a voluntary dedication of the land to the city for street purposes.

This judgment is so palpably violative of both the State and Federal Constitutions, it seems that it would be useless to cite authorities in support thereof. Nevertheless, the following authorities are in point: 2 Lewis on Eminent Domain (3 Ed.), sec. 704; City of Norfolk v. Chamberlain, 89 Va. 196; Davis v. City

of Newark, 54 N. J. L. 595; Goodrich v. Omaha, 10 Neb. 98; and Leopold v. City of Chicago, 150 Ill. 568.

Mr. Lewis, in his excellent work on Eminent Domain (3 Ed.), sec. 704, in so far as applicable to this case says:

"It has been held in a number of cases that where part of a lot is taken and the remainder is found to be damaged, such remainder cannot be assessed with benefits for the same improvement in a subsequent proceeding. The first adjudication that the property has been damaged is held to conclude both parties while it stands. . . . An alley was opened through the middle of two lots. Damages were awarded for the parts taken and for injury to the parts not taken. Afterwards it was proposed to levy a special tax upon the parts not taken to pay the damages awarded. It was held that this would amount to a taking without compensation, and the proceeding for the special tax was dismissed. . . . If such a course is upheld the owner would seemingly be compelled to pay for the privilege of having his land taken from him and devoted to public use."

In the case of the City of Norfolk v. Chamberlain, 89 Va. 196, the city undertook to condemn certain property of defendant for street purposes. The facts were: The defendant owned a vacant lot, fronting twenty-three feet on Granby street and thirty-nine feet on Plume street. The city proposed to widen Plume street ten feet. The commissioners reported that the defendant's ten feet of the lot fronting on Granby street, running back to Plume street thirty-nine feet had to be taken and that the defendant was entitled to $1200 for the land taken and for the damages done to the residue of the lot, over and above the benefits, etc. The city paid said $1200; and about five months later the city assessed a special tax of $1500 against the residue of the lot for the peculiar benefits done it by widening the street, as above men-

tioned. Upon these facts the Supreme Court of Virginia held the tax void.

To the same effect are the cases of Davis v. City of Newark, supra, Goodrich v. Omaha, supra, and Leopold v. City of Chicago, supra.

In principle there is no difference between those cases and the one at bar; and the principal difference in fact is, that in those cases, if I remember correctly, the benefits which were attempted to be assessed took place some time after the damages were awarded, and in different proceedings, while here both were done at the same time and in the same proceeding.

III. Counsel for respondent insist that the record does not show that the bill of exceptions is properly before the court. Should that insistence be conceded to be true, it would not change the result, for the reason that we cannot consider a bill of exception because no motion for a new trial was filed. The only thing that is properly here is the record proper, much of which I have copied in the statement of the case. It shows upon its face all of the facts upon which this opinion is based, and it is therefore not necessary to resort to matters of exceptions in disposing of the case.

**Bill of Exceptions.**

IV. Counsel for respondent finally insist that appellants withdrew their exceptions filed to the report of the commissioners and therefore the question of damages and benefits is not properly before this court. After a careful investigation of that record, we are clearly of the opinion that counsel are mistaken in that regard.

The facts are, that when the trial began counsel for appellants offered to read to the jury the exceptions they had filed to the report of the commissioners, which I suppose was to present to the jury the issues

they were called upon to try, there being no pleading in the case which would enlighten the jury as to what the controversy between the parties was. Upon objection being made by counsel for respondent to the offer of counsel for appellants to read said exceptions to the jury, the court excluded the offer and instead of excepting to the ruling of the court, counsel for appellants withdrew the offer to read the exceptions; and not their exceptions to the report of the commissioners filed with the cause.

For the reasons stated, the judgment of the circuit court is reversed and the cause remanded for a new trial. All concur; *Graves, J.,* in separate opinion.

GRAVES, J. (concurring).—I concur in the opinion of our brother WOODSON. In my judgment the whole controversy arises from the misconception of the statute, section 9262. I do not believe that this statute contemplates the assessment of benefits for the purpose of the street improvement against land which has been taken or damaged in the actual establishment of the street. The benefits as to such tracts of land are fully considered in the condemnation branch of the proceeding, and should not again be considered in the taxing portion of the proceeding. All these proceedings are dual in character. We have necessarily a condemnation branch of the proceeding, and if the damages are to be paid by benefits to other property, we have a taxing branch of the proceeding. [St. Louis v. Brinckwirth, 204 Mo. 280.]

In my judgment this statute contemplates the fixing of a benefit district which shall include more lands than the lands actually taken or damaged in the condemnation branch of the proceeding, if the city is going to exert its taxing power by requiring benefited property to pay the damages found in the condemnation branch of the proceeding. Given this construc-

tion the statute does no violence to constitutional pro-
hibitions.   From this view of the situation my concur-
rence necessarily follows.