## G. Sam Rogers v. City of Omaha.

### Filed March 22, 1906.  No. 14,221.

1. **Cases Distinguished.** *Hurford v. City of Omaha*, 4 Neb. 336, *Goodrich v. City of Omaha*, 10 Neb. 98, *McGavock v. City of Omaha*, 40 Neb. 64, examined, approved and distinguished.

2. **Cities: Contracts: Liability.** Where a municipal corporation receives and retains substantial benefits under a contract which it was authorized to make, but which was void because irregularly executed, it is liable in an action brought to recover the reasonable value of the benefits received. *Lincoln Land Co. v. Village of Grant*, 57 Neb. 70, followed and approved.

Error to the district court for Douglas county: Howard Kennedy, Jr., Judge. *Reversed.*

*W. A. Saunders* and *Fawcett & Abbott*, for plaintiff in error.

*John P. Breen, W. H. Herdman* and *A. G. Ellick, contra.*

Oldham, C.

This was an action brought by the plaintiff in the court below against the city of Omaha to recover a balance alleged to be due on a contract for grading Mason street, between Eleventh and Thirteenth streets in said city; entered into between defendant city and plaintiff's assignors, Cash Brothers. The petition discloses that the balance sued for represents the amount unpaid upon certain warrants issued to the plaintiff's assignors, drawn against a fund which the city undertook to create by special assessment upon the property abutting upon the street graded. This assessment had been declared null and void before the institution of this suit. The city answered, pleading that the contract sued upon was *ultra vires* and void, that by the terms of the contract plaintiff's assignors agreed to accept the warrants in full consideration of the contract. It also pleaded the statute of limitations. On

issues thus joined, there was a trial to the court below and judgment for the defendant. To reverse this judgment plaintiff brings error to this court.

There is practically no disputed fact in the record. In 1873, it is conceded, the grade in controversy was established by proper ordinance. In 1893 a petition asking for a change of the grade at the place mentioned, and purporting to be signed by the owners of a majority of the feet frontage of the property abutting upon the proposed change of grade, was presented to the city council, having been examined and certified to by the city engineer. In conformity with the request of the petition, an ordinance was properly enacted establishing the changed grade of the street, and, in strict formality with the provisions of the statute regulating cities of the metropolitan class, a contract was awarded to Cash Brothers, assignors of the plaintiff, on March 8, 1898. The work was completed under this contract, and was accepted and approved by the city in July, 1899. One-half of the contract price of the changed grade was paid for from the general fund of the city, and warrants were issued on a special fund to be levied on the abutting owners for the other half of the contract price of the improvement. The city made an effort to raise a fund to pay these warrants by special assessment. This special levy, however, was enjoined by one of the property owners, for the reason that the petition was not signed by the owners of a majority of the feet frontage abutting on the grade. On a trial on the injunction it was made perpetual, for the reason that a number of the signatures on the petition were made by agents of the property owners without any authority to do so. These special fund warrants were registered for payment on October 27, 1899, and payment was refused for lack of funds. This action was instituted on November 25, 1903. The trial judge to whom the issues were submitted found against the city on the plea of limitations, but held that the contract was *ultra vires* and void. The defense of limitations was practically abandoned by the city

on the argument and in the briefs filed in this court. And we think that the ruling of the trial judge on this defense is fully sustained by the holding of this court in *City of Omaha v. Clarke*, 66 Neb. 33; *Rogers v. City of Omaha*, 75 Neb. 318.

The contention urged by the city here is that the contract for the grading was *ultra vires* and void, and, being void, it is incapable of ratification, and defendant is therefore not estopped to plead its illegality. On the other hand, the plaintiff contends that the contract was within the general powers conferred upon the municipality by the statute governing cities of the metropolitan class, and that the informality in the passage of the ordinance establishing the changed grade was a mere irregularity in the exercise of its powers actually conferred. That section 109, ch. 12a, Comp. St. 1897, in force at the time the grade was changed and the contract entered into, confers plenary powers on the mayor and council of the city in the matter of opening, grading, and repairing streets, alleys, and avenues, is without question; but the contention of the city is that so much of section 116, ch. 12a, Comp. St. 1893, as provides that "the grade of no street or part of a street shall be changed unless the consent in writing is first obtained of the owners of lots or lands abutting upon the street or part of street where such change of grade is to be made, who represent a majority of the feet front thereon, and not then until the damages to property owners which may be caused by such change of grade shall have been assessed," is a limitation on the general powers conferred. With reference to the limitation contained in section 116, *supra*, it is contended by plaintiff that it is confined to the right to levy a special assessment on property abutting on the changed grade, and is in nowise in derogation of the general powers conferred to open, widen, grade, and improve streets, alleys, and avenues, within the city. *Hurford v. City of Omaha*, 4 Neb. 336, cited by the city in support of its contention, was a case in which the objection was made to the special levy of an assessment for the cost

of the changed grade by an abutting property owner, and, so far as this right was concerned, it was held by this court that the provision of the statute requiring a petition signed by a foot frontage majority of the owners was mandatory. There is nothing in the opinion, however, that deals with the right of the city to change a grade or to enter into a contract for such purpose by general taxation. In *Goodrich v. City of Omaha,* 10 Neb. 98, the question raised was as to the power of the city to provide a fund for paying damages occasioned by a change of the established grade of one of its streets by special assessment, and it was held in this opinion that the damages occasioned by the changed grade must be paid from the general funds of the city, and not from a special levy on abutting proprietors. *McGavock v. City of Omaha,* 40 Neb. 64, involved the right of an abutting property owner to recover in an action at law for damages occasioned by a change in the grade of the street. In the opinion it is said:

"We have no doubt that the advisability or wisdom of the establishment or change of grades are matters for the city council to pass upon, and come wholly within their province, and cannot be questioned; but with the subject of damages others are concerned and must be considered."

Plainly, in the opinions just quoted from, the limitations are regarded as safeguards to property owners from special burdens, rather than as an attempted limitation of the general powers of the mayor and council over the streets and alleys of the city.

There is a clear distinction between contracts outside of the powers conferred upon municipal corporations and contracts within the general scope of the powers conferred, but which have been irregularly exercised. Contracts falling entirely outside of the powers delegated to the corporation are absolutely null and void, and no right of action against the corporation can be founded upon them. The rule with reference to the liability of the corporation on contracts within the general scope of the powers granted, but which have been irregularly exercised, is

well stated in 2 Dillon, Municipal Corporations (4th ed.), sec. 936, as follows: "A municipal corporation as against persons who have acted in good faith and parted with value for its benefit, cannot, * * * set up mere irregularities in the exercise of power conferred; as, for example, its failure to make publication in all of the required newspapers of a resolution involving the expenditure of moneys. Such failure might have the effect to invalidate a local assessment upon the abutter, * * * but as regards a *bona fide contractor with the city,* who had expended money for its benefit in respect of a matter within the scope of its general powers, the contract would not be *ultra vires* in the true sense of that term; and the city would be estopped to set up as a defense its own irregularities in the exercise of a power clearly granted to it." This doctrine is supported in an able and exhaustive opinion of the court of appeals of the state of New York, in *Moore v. Mayor,* 73 N. Y. 238, and is recognized by state courts generally. The principle has been recognized in this state in *Clark v. Saline County,* 9 Neb. 516; *Grand Island Gas Co. v. West,* 28 Neb. 852; *Second Congregational Church v. City of Omaha,* 35 Neb. 103; *Lincoln Land Co. v. Village of Grant,* 57 Neb. 70. In the latter case it is said:

"Where a municipal corporation receives and retains substantial benefits under a contract which it was authorized to make, but which was void because irregularly executed, it is liable in an action brought to recover the reasonable value of the benefits received."

The defense of payment by the delivery of the void warrants is not strongly urged in this court, nor would it profit much to urge it here. Had valid warrants been delivered against a fund created, a different proposition would be presented. But payment in void warrants is within the ban of the lesson taught by the Master, as recorded in the eleventh and twelfth verses of the eleventh chapter of the Gospel according to St. Luke, wherein it is said: "If a son shall ask bread of any of you that is a

father, will he give him a stone? Or if he ask a fish, will
he for a fish give him a serpent? Or if he shall ask an egg,
will he offer him a scorpion?"

For the above reasons, we recommend that the judgment
of the district court be reversed and the cause remanded
for further proceedings.

AMES and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing
opinion, it is ordered that the judgment of the district
court be reversed and the cause be remanded for further
proceedings according to law.

REVERSED.