NEBRASKA BITULITHIC COMPANY, APPELLEE, V. CITY OF
OMAHA, APPELLANT.

FILED MAY 7, 1909. No. 15,678.

1. **Cities: VOID CONTRACTS: LIABILITY.** A municipal corporation by
contract obtained the use of an asphalt plant for the purpose of
repairing its paved streets. In making the contract the pro-
visions of the city charter were not complied with, and the con-
tract was therefore void. *Held*, notwithstanding that fact, that
the city was liable for the reasonable value of the use of the
plant while making such repairs.

2. **Evidence** examined, and found sufficient to sustain the judgment
of the district court.

APPEAL from the district court for Douglas county:
GEORGE A. DAY, JUDGE. *Affirmed.*

*Harry E. Burnam, I. J. Dunn* and *John A. Rine,* for
appellant.

*Carl E. Herring* and *John O. Yeiser,* contra.

BARNES, J.

This action was brought in the district court for Doug-
las county to recover the reasonable value of the use of
the plaintiff's asphalt plant in repairing the defendant's
streets. The plaintiff had judgment, and the defendant
has appealed.

It appears that in September, 1903, the streets of Omaha
were in such a condition as to render their use unsafe and
dangerous and a continuing menace to the traveling pub-
lic; that there was no official newspaper in the city at
that time in which notices for bids could be published as
a basis for contracts for such work, and therefore no con-
tract for that purpose could be lawfully entered into
within a reasonable time for making such necessary re-
pairs. In view of the situation, the city authorities de-
termined to repair its streets by purchasing materials,

securing the use of a suitable plant, and hiring the labor necessary for that purpose, and to that end employed one John Grant, who was the vice-president and manager of the plaintiff company, to superintend the work and furnish plaintiff's asphalt plant for the purpose of repairing the streets paved with that material. A resolution authorizing such proceedings was passed by the board of public works, which later on was approved by the city council. The work was performed and the needed repairs were made, and in due time the city paid for the labor and material and other expenses incurred thereby, with the exception of the claim of the plaintiff for the use of its asphalt plant. As to that claim it appears to have been approved by the board of public works and allowed by the city council, and funds were provided for its payment, but the mayor vetoed so much of the appropriation bill as covered that item, because he thought the amount was exorbitant. Thereupon this action was brought, and the defense interposed was that the contract under which the plant was furnished and the work performed was illegal, it not having been entered into in the manner required by the provisions of the city charter. This is conceded by the plaintiff. It appears, however, that the so-called contract was ignored, and the action was brought to recover the reasonable rental value of the plaintiff's plant while it was used by the defendant city, and to that end the petition was framed to recover on a *quantum meruit*. That a recovery can be had in such cases in that form of action has been firmly settled by our former decisions.

In the case of the *Lincoln Land Co. v. Village of Grant*, 57 Neb. 70, it appeared that the village ordinance providing for the rental of water hydrants was void. It further appeared that under the provisions of the ordinance the plaintiff, the Lincoln Land Company, had furnished 15 hydrants for the use of the village, and had thus supplied water for its necessary use. The village refused to pay, and an action was brought to recover the reasonable

value of the water so furnished. It was held: "Where a municipal corporation receives and retains substantial benefits under a contract which it was authorized to make, but which was void because irregularly executed, it is liable in an action brought to recover the reasonable value of the benefits received." In *Rogers v. City of Omaha,* 76 Neb. 187, the decision in *Lincoln Land Co. v. Village of Grant, supra,* was followed and approved. Our last expression on this subject is found in the case of *Cathers v. Moores,* 78 Neb. 17. In that case we said: "Here we have a case where the city had the power to contract with persons to keep its streets clean and in proper repair. It also had the power to pay for the services rendered under such a contract, and while it may be said that its authority was so irregularly exercised as to render the proceedings illegal, still there was not an entire lack of power to perform the acts complained of."

We think the case at bar should be ruled by that decision, for it cannot be said that the city of Omaha had no power to enter into a contract to repair its streets. On the other hand, it certainly possessed such power, and it was its duty to exercise it. It appears, however, that it was impossible for the city at the time the repairs in question were made to comply strictly with the provisions of its charter by advertising for bids and contracting for the work with the lowest bidder, and therefore it may be conceded that the power which it possessed was irregularly and illegally executed, and that the contract which the city attempted to make with the plaintiff was void; but, having the power and being charged with the duty to properly repair its streets, the irregular exercise of such power cannot defeat a recovery for the necessary expenses incurred by the city in making such repairs. It follows that the defendant is liable in this action for the reasonable rental value of the plaintiff's asphalt plant.

This disposes of the main question, which is the plaintiff's right to recover. We come now to consider the amount of such recovery. We have carefully read the

bill of exceptions, and are satisfied that the evidence clearly
supports the judgment of the trial court. The amount of
the recovery appears to be the fair and reasonable value
of the use of plaintiff's plant as shown by the weight of
the evidence.

Finding no error in the record, the judgment of the
district court is

AFFIRMED.