PAXTON IRRIGATION DISTRICT, APPELLEE, v. JOHN H. CONWAY ET AL., APPELLEES; HOWARD MILES ET AL., APPELLANTS.

FILED JUNE 26, 1913. No. 17, 196.

1. **Equity:** JURISDICTION: MULTIPLICITY OF SUITS. To prevent a multiplicity of suits against an irrigation district, a court of equity may acquire jurisdiction to cancel void district bonds in the hands of many different holders.

2. **Waters:** IRRIGATION DISTRICT BONDS: CANCELATION. Void bonds illegally issued by officers of an irrigation district to pay for excavating a canal may be canceled without requiring the district to pay the holders of the bonds the reasonable value of services

performed, where the contract for such work was made in violation of statute, and resulted in no benefit to the district.

3. ——: ——: Validity. Bonds of an irrigation district are void, if issued in violation of mandatory legislation that they shall be signed by the secretary of the district, that the seal of the district shall be attached, that they shall be paid in instalments maturing at different times, that they shall be numbered consecutively as issued, and that they shall bear date from the time of their issuance.

4. ——: ——: ——: Ratification. An irrigation district, by paying interest on void bonds with taxes levied for that purpose, does not thereby ratify the bonds or estop itself from assailing them as illegal.

5. ——: ——: ——. In a statutory proceeding, an order confirming the preliminary steps leading up to the execution of bonds of an irrigation district does not affect a subsequent, unlawful negotiation or transfer of the bonds.

6. ——: ——: Bona Fide Purchasers. A person who negotiates for the purchase of bonds executed by an irrigation district and enters into a contract to excavate a canal in exchange for such bonds is required to take notice of the statutes governing the district and of the limitations of its officers.

Appeal from the district court for Keith county: Hanson M. Grimes, Judge. *Affirmed.*

*Wilcox & Halligan, A. Muldoon* and *L. E. Roach,* for appellants.

*Hoagland & Hoagland* and *J. G. Beeler, contra.*

Rose, J.

Plaintiff was organized in 1895 as an irrigation district to make a canal from the South Platte river through the lands of the organizers in Lincoln and Keith counties for the purpose of irrigation. To that end some work was done, but the project was a failure. The canal was never completed nor used to carry water for irrigation. When water was needed, the river was generally dry at the point of diversion. Bonds in the sum of $100 each were executed by the district July 1, 1896, to the extent of $27,000.

At an election held July 11, 1905, the electors of the district determined to dissolve the organization. Afterward the district property was appraised at $111. Creditors were notified by publication to assert their claims. As a result, demands were made as follows: Warrants and other claims, composed of 27 items, including $13 earned by F. G. Hoxie as appraiser, $1,138.23; judgment in favor of Diana Hawley, $102.83; irrigation bonds in the hands of 11 holders, $6,300. The claimants are defendants. The suit is one in equity to cancel the bonds, the warrants and other evidences of indebtedness as being illegal and void, and to enjoin the enforcement of all claims against the district. Upon a trial of the cause the court below allowed the claim of the appraiser and of the judgment creditor, held that the bonds, the warrants and other claims were illegal and void, canceled them, and enjoined defendants from attempting to collect them from plaintiff. Three defendants only appeal, claiming to be innocent holders of the bonds. They are the First National Bank of North Platte, Daniel Schurtz, and Howard Miles.

A reversal is demanded on the ground that plaintiff had an adequate remedy at law, which defeated jurisdiction in equity to cancel the negotiable bonds held by appellants. The decision is not controlled by the rule invoked. Plaintiff is a public corporation and is seeking by lawful means to end an unprofitable existence. Many of the bonds have never passed out of the hands of the officers of the district. If they are negotiable, they ought to be destroyed when the district is dissolved. Taxes levied against the lands in the district will be affected by the cancelation of the bonds. Bonds said to be void are in the possession of different holders. Warrants and claims for excavating were in some instances exchanged for bonds. It is alleged that contracts for work on the canal were void, and that bonds were accepted in payment for such work. These are conditions under which equity will take jurisdiction to prevent a multiplicity of suits.

The next point argued is that plaintiff, in any event,

should have been required to do equity by paying the reasonable value of the work done by the persons to whom bonds had been delivered. The adverse view of the trial court is justified on several grounds. The reasonable value of such work was not pleaded. An offer by Miles to do excavating for bonds was accepted. This method of incurring an indebtedness was not then authorized by the irrigation law. Miles was an officer of the district, and his contract violated the statute, providing that no officer shall be interested in a contract awarded by the board; that the amount of money necessary for construction work shall be estimated in advance; that the cost of construction shall be paid wholly out of the construction fund; that the board shall have no power to incur an indebtedness in excess of express statutory provisions. Laws 1895, ch. 70. The bonds themselves made direct reference to the statute containing these provisions. Contractors and purchasers were charged with notice of the terms of the law and with the records which the board was required to keep. It is undisputed that the irrigation district received no benefit from the contracts they made. It was unable to sell the bonds in the manner provided by law, and could not raise the money to complete the unused canal. The district's property was appraised at $111, and the appraisement included the value of a grader. On such a record, it cannot be said that the trial court erred in canceling the bonds, if they were void, without allowing the holders to recover the reasonable value of excavating.

Were the bonds void? Plaintiff insists they were issued in violation of the statutory provisions that they shall be "signed by the president and secretary," and that "the seal of the district shall be attached thereto." Laws 1895, ch. 70, sec. 13. The bonds purport on their face to have been executed July 1, 1896. The trial court properly found from the evidence that Elmer P. Mason was secretary at that time, and that he continued to be such until February 20, 1907. The bonds do not bear his name as secretary, but purport to have been signed by "B. M.

Gilbert" as secretary. In this respect they did not therefore comply with the statute.

There was also a finding below that no seal had been provided for the district, and that the one used was unauthorized. This finding is not disproved by the record. An original bond was submitted to the trial court, while the bill of exceptions contains a copy only, which does not bear the impression of a seal.

The notice and call for the special election at which the bonds were voted proposed the issuance of bonds to mature in 20 years, though the statute required their payment in instalments maturing at different times, beginning in 11 years. Laws 1895, ch. 70, sec. 13.

Ratification of the bonds by levying and collecting taxes and by paying interest is urged as an objection to the injunction. Taxes were levied in compliance with a peremptory mandamus previously issued by the trial judge who presided in the present case. The validity of the bonds, however, was not decided on the application for the writ, and it is a well-settled rule that a public corporation, by paying interest on void bonds, does not ratify them or estop itself from assailing them.

Appellants also resisted the injunction on the ground that plaintiff is concluded by a former order in which the district court confirmed the proceedings leading up to the execution of the bonds. The order invoked confirmed the proceedings as regular. It was made by the judge who presided in the present case. A proceeding to confirm the preliminary steps before the bonds are negotiated is authorized by the irrigation law. The order, however, did not affect the sale and delivery of the bonds. At the time they were delivered the statute did not authorize the district to dispose of them in the manner in which they were procured by appellants, but provided: "The board of directors, or other officers of the district, shall have no power to incur any debt or liability whatever, either by issuing bonds or otherwise, in excess of the express provisions of this act, and any debt or liability incurred in excess of such

17

express provisions shall be and remain absolutely void." In acquiring the bonds appellants were bound by this statute, and were required to respect the limitations of the officers of the irrigation district.

The record does not show that appellants were innocent holders. Miles had been an officer, and knew the circumstances under which the bonds were voted, negotiated and transferred. Schurtz acquired bonds in the sum of $500 for services which he admits did not exceed $150 in value. He received them under circumstances which should have put him upon inquiry. The First National Bank transacted its business in Lincoln county, and was not only required to know the provisions of the statute, but was charged with notice of the public records which the officers of the irrigation district kept.

The findings of the court below are justified by the evidence. No error has been found, and the judgment is

AFFIRMED.