EDWIN E. ELLIOTT, APPELLANT, V. CALAMUS IRRIGATION DISTRICT, APPELLEE: ALEX W. DRAVER ET AL., INTERVENERS, APPELLEES.

FILED FEBRUARY 20, 1931. No. 27416.

*Frank H. Woodland*, for appellant.

*Guy Laverty, E. M. White* and *Davis & Vogeltanz*, contra.

Heard before Goss, C. J., Rose, Dean, Eberly and Day, JJ.

Dean, J.

This action was begun in the district court for Loup county by Edwin E. Elliott, plaintiff, wherein the Calamus Irrigation District, hereinafter called the district, is named as defendant. The action was brought to recover $3,000 from the district, together with interest thereon at the rate of 7 per cent. per annum. The warrants were sold by the district to the C. E. Johnson Bond Company of Omaha, from whom they were purchased by plaintiff. Certain resident property owners intervened in behalf of the district and contested Elliott's right of recovery on any of the warrants by reason of the fact that such warrants were issued before an assessment or levy had been made by the officers of the district therefor. Upon submission, the trial court found for the interveners and against the plaintiff and denied his right to recover any.

part of the alleged indebtedness from the district. The plaintiff has appealed.

The question of the legality of the proceedings leading up to the organization of the district was before us in a former action in quo warranto, wherein the judgment of the district court was affirmed by us without a written opinion. It was there held, *inter alia,* that the district was not legally organized, and its officers were thereupon ousted and the district, as an entity, was dissolved.

The interveners contend that the acts of the directors and officers of the district are their individual acts and not the authorized acts of the district. And they further contend that the directors were without authority to issue the warrants in suit, for the reason, as noted above, that the warrants were issued before an assessment or levy had been made therefor, and that the warrants, under the facts, are void and wholly worthless.

The following sections of the statute appear to be in point: Section 46-121, Comp. St. 1929, follows:

"No irrigation district shall in any year issue warrants in excess of ninety per cent. of the levy for said year: *Provided,* in case of due and outstanding obligations against the district contracted prior to the year in which any levy is made, the district board shall have power to make an additional levy, not to exceed two mills on the dollar, assessed valuation, to create a special fund for the payment of past-due obligations."

And section 46-126, Comp. St. 1929, provides:

"Whenever there is no cash on hand in the district treasury for the payment of general fund warrants when presented, the board of directors may in their discretion issue from time to time general fund warrants in denominations not greater than one thousand dollars to the aggregate amount required, but in no case in an amount greater than ninety per cent. of the general fund levy for the current year, such warrants to be drawn on the general fund levy for the current year and payable to the irrigation district and sell or discount the same to the

best advantage possible, but not at a discount to exceed five per cent., and deposit the proceeds of such sale in some local bank in the name of the district."

The former secretary of the district testified that warrants in the sum of $10,000 were issued at the same time those in question here were issued and that they were sold to the Johnson Bond Company for $9,000, and the money derived from the sale was deposited in an Omaha bank. This witness testified that, during the period in question here, he acted as secretary, but that he afterward resigned. From his evidence it appears that there was no money in the district treasury when the warrants were issued, nor at any time prior thereto, and that the proceeds of the sale of the warrants were at no time turned over to the treasurer. And he also testified that no levy was made at any time prior to the issuance of the above $10,000 warrants. The county clerk testified that there was no record of a levy having been made by the officers of the district for the time in question.

Plaintiff contends that the warrants were issued prior to the making of a levy therefor for the purpose of paying the expenses of the organization of the district. But provision is made for this purpose in section 46-127, Comp. St. 1929, in the following language:

"The board may either fix rates of tolls and charges, and collect the same from all persons using said canal for irrigation or other purposes, or may provide for the payment of said expenditures by a levy of assessments therefor, or by both said tolls and assessments."

The above cited statutes clearly provide that, before any warrants may be issued by the board, a levy must have been made therefor. But in the present case warrants in the sum of $10,000 were issued before any levy was made.

The statutes governing the organization and management of an irrigation district are mandatory and this, of course, is clearly to protect the owners of lands that are subject to irrigation in the district. It follows that the

mandate in such case must be strictly construed. An irrigation district is a public corporation and the powers of its officers and directors are strictly limited by the statute under which the district is organized and created. *Lincoln & Dawson County Irrigation District v. McNeal,* 60 Neb. 613; *Board of Directors of Alfalfa Irrigation District v. Collins,* 46 Neb. 411. During all of the time material to this inquiry, the plaintiff and the officers of the district, as well, were charged with notice of the statutory powers and limitations of such officers by the provisions of the statutes relating thereto. *Paxton Irrigation District v. Conway,* 94 Neb. 205. And, in the absence of a levy therefor, the directors of an irrigation district board are without statutory authority to issue warrants in any amount. That the warrants were not lawfully issued on the general fund for the year in question is evident. And this from the fact that it does not appear from the record that a fund existed upon which such a levy might have been made. It is such a condition that the statute guards against.

We have held that warrants issued by a county in excess of a levy therefor are void. *Grand Island & W. C. R. Co. v. Dawes County,* 62 Neb. 44; *Bacon v. Dawes County,* 66 Neb. 191; *National Life Ins. Co. v. Dawes County,* 67 Neb. 40. And, in the absence of a levy in the present case, the same rule prevails herein. *Draver v. Greenshields & Everest Co.,* 29 Fed. (2d) 552, is cited, but we do not think that the decision therein is decisive of the present case.

The judgment is right and it is

AFFIRMED.