**NORTHPORT IRR. DIST. et al. v. HENRY WILCOX & SON.**

No. 12295.

Circuit Court of Appeals, Eighth Circuit.

Nov. 4, 1942.

Rehearing Denied Dec. 1, 1942.

William H. Wright, of Omaha, Neb. (F. A. Wright, of Omaha, Neb., and F. E. Williams, of Bridgeport, Neb., on the brief), for appellants.

Clyde C. Dawson, Jr., Harold E. Popham, and Pershing, Bosworth, Dick & Dawson, all of Denver, Colo., for appellee.

Before GARDNER, WOODROUGH, and RIDDICK, Circuit Judges.

WOODROUGH, Circuit Judge.

Henry Wilcox and Son, plaintiff, sued the Northport Irrigation District, defendant, to recover the amount of $5,600 and interest, alleged to be the unpaid balance due upon district warrants issued by the irrigation district August 17, 1931, in the aggregate amount of $5,900 for which the plaintiff "advanced, paid to and loaned" the defendant $5,900. The amended petition on which the case was tried presented two causes of action, the first upon the warrants and the second (upon the same facts) for money had and received to defendant's use. The receipt of the money by the district and the issuance of the warrants was admitted but liability was denied by the defendant. The facts were stipulated, and on the trial to the court without a jury the plaintiff recovered judgment upon the first cause of action for the amount prayed for with proviso declared in the judgment that "if for any reason the plaintiff should not have judgment on its first cause of action then it is entitled to judgment on its second cause of action." A tax levy was ordered to apply upon the judgment. The irrigation district appeals.

It contends that the warrants were issued by the officers of the district without authority of law and were null and void, and that the purchaser was chargeable with knowledge of the lack of power to issue the warrants and of their invalidity and therefore was not entitled to recovery. It also contends that the second cause of action was barred by the Nebraska four year statute of limitations. Sections 20-201, 20-206 C.S.1929 Nebr.

The trial court's findings of fact based on the stipulation of the parties, are appended and need not be repeated in the opinion.[1]

The Nebraska court has fully settled that irrigation districts such as the de-

---

[1] "That on or about the 2nd day of June, 1930, pursuant to statutes of the State of Nebraska, and at the time and in the manner provided by law, the Board of Directors of the defendant levied an assessment on all of the real property situate within the district and subject to assessment, in the amount of $28,229.25 for the fiscal year 1930–1931, for the care, operation, management, repair, improvement and maintenance of its irrigation works, and for the payment of salaries of its officers and employees and the general expenses of the district.

"That on or about the 17th day of August, 1931, defendant district issued warrants to the plaintiff payable to bearer and against the levy of June 2, 1930 for the purpose of obtaining cash with which to pay the expenses above mentioned, in the aggregate principal amount of $8,000.00, being warrants Nos. 40 to 93, both inclusive, of which there remains outstanding and unpaid warrants owned by plaintiff in the amount of $5,600.00, numbered from 43 to 75, both inclusive, 77, and 91 to 93, both inclusive, being the warrants described and sued on in plaintiff's first cause of action. That the total amount of warrants so issued to plaintiff, together with the total amount of all warrants previously issued by de-

fendant against said levy of June 2, 1930, did not exceed 90% of the amount of said levy, and said warrants were issued at a discount of not exceeding 5%.

"On the respective dates of all of the warrants above described as having been issued to plaintiff, each of said warrants was duly registered by the Treasurer of defendant district, and each of said warrants has endorsed thereon a registry number identical with the number of the particular warrant.

"That prior to the 17th day of August, 1931, the County Treasurer of Morrill County, Nebraska, being the County in which the defendant irrigation district is situated, collected certain monies under and by virtue of the said levy of June 2, 1930, and paid the same over to the Treasurer of the defendant irrigation district, totalling the sum of $10,451.00, and between June 8, 1931 and July 22, 1931, inclusive, $10,267.12, being all but $183.88 of said sum, was used by the defendant irrigation district in the payment of warrants theretofore issued by it against the levy made by said defendant district in the year 1929. That of $7,877.86 collected and received after August 17, 1931 by defendant district from the levy of June 2, 1930, $3,972.58 was used by it in the payment of warrants issued against

fendant herein are public corporations and the powers of their officers and directors are limited by the terms of the statutes under which they are created and pursuant to which their powers are exercised. They are public rather than municipal corporations and their officers are public agents of the state and whoever contracts with them must at his peril take notice of the powers conferred and the limitations upon such powers expressed in the statute. Board of Directors of Alfalfa Irr. Dist. v. Collins, 46 Neb. 411, 64 N.W. 1086; Lincoln & Dawson Co. Irr. Dist. v. McNeal, 60 Neb. 613, 83 N.W. 847; Elliott v. Calamus Irr. Dist., 120 Neb. 714, 235 N.W. 95; Paxton Irr. Dist. v. Conway, 94 Neb. 205, 142 N.W. 797; Gutta-Percha & Rubber Mfg. Co. v. Village of Ogalalla, 40 Neb. 775, 59 N.W. 513, 42 Am.St.Rep. 696.

■ At the time of the issuance of the warrants in suit the following sections of the Nebraska statutes provided a comprehensive plan under which the officers of irrigation districts were empowered to raise and expend money necessary to carry out the purposes of irrigation districts: Sections 46-113, 46-114, 46-117, 46-118, 46-119, 46-120, 46-121, 46-126, 46-127, 46-131, 46-132, C.S.Nebr.1929. Such officers were empowered to levy an assessment each year upon the land within the district and to borrow money only (1) by issuance and sale of bonds, after the vote of the landowners, (2) by sale of warrants issued against a levy for the current year, and (3) by borrowing not to exceed fifty cents per acre for the land embraced in the district where, after the annual assessment for the current year, the funds provided are insufficient for the proper operation and maintenance of the district.

The power relied upon by the plaintiff to justify the issuance of the warrants issued to it on August 17, 1931, is granted by section 46-126. It is there provided that "whenever there is no cash on hand in the district treasury for the payment of general fund warrants when presented, the board of directors may in their discretion issue from time to time general fund warrants * * * to the aggregate amount required, but in no case in an amount greater than ninety per cent of the general fund levy for the current year, such warrants to be drawn on the general fund levy for the current year * * *."

■ The power so granted was doubtless conferred, as stated by counsel, because the assessment was levied in June or July of each year and the proceeds of the levy could not be immediately realized. But the power to issue warrants against the general fund levy is plainly and specifically

the levy made by said defendant district in the year 1929. That at the end of the fiscal year 1930 on or about July 7, 1931, there remained in the General Fund for that year the sum of $1,099.19, which was placed in the General Fund for the ensuing fiscal year 1931 beginning on or about July 7, 1931, and was not used in pay warrants issued against the levy of June 2, 1930.

"That each and all of the said warrants now owned by the plaintiff are good, valid and legal, and are valid unpaid obligations of the defendant. That there was no irregularity in the issuance of the warrants to plaintiff on August 17, 1931, against the levy of June 2, 1930, but if there had been the defendants are estopped to rely upon any such irregularity, as the irrigation district received from the plaintiff the money which said warrants represented and used the same for paying its just and legal obligations, expenses and liabilities, which it could and did lawfully incur.

"That sufficient time was given prior to the commencement of this action for defendants to collect the uncollected portion of the taxes and funds included in the levy of June 2, 1930, in the mode provided by law, and out of which the warrants involved in this action were to have been paid, and the defendants have neglected to collect the uncollected portion of said taxes and funds.

"That all the allegations of plaintiff's petition are true.

"That the defendants never denied liability on any of said warrants involved in this action, or the indebtedness evidenced thereby, and never contended that any of said warrants were ultra vires and void, and never repudiated any of said warrants or the indebtedness evidenced thereby prior to the commencement of this action.

"That neither of the causes of action alleged in the second amended complaint in this case are barred by statutes of limitations.

"The Court finds the issues herein in favor of the plaintiff.

"That the second cause of action in plaintiff's second amended complaint involves the same transactions and amounts of money and the same warrants as are involved in the first cause of action."

limited by the statute to the "general fund levy for the current year". It is clear upon consideration of the above statutes that no power was conferred upon the directors of the district to issue warrants against a general fund levy that had been made in some preceding year. It is only the levy of the current year which they can anticipate by issuing warrants against it and this is an obviously necessary limitation of power under the statutory plan of providing for the operation of the district on a year to year basis. If there are funds left over unexpended in any year, such funds must be carried forward into the fund of the next year. The fact that in some former year general fund warrants had not been issued against the levy of that year to the extent of ninety percent thereof could afford no justification for borrowing against that levy.

But the stipulation in this case shows as to the warrants in suit that the officers of the district assumed to issue them August 17,1931, against the general fund levy of June 2, 1930. They bear the date of issuance August 17, 1931, and recite on their face, "Pay to the order of bearer * * * and charge to general fund levy year 1930." The amount of that levy is also stated in the warrants as well as the amount of warrants that had theretofore been issued against it. Thus the warrants on their face informed the purchaser that the officers were undertaking to go back to the levy of a prior year to borrow money against it. If there had been a balance in that fund the statute required it to be transferred into the next year's fund. It could not afford the basis for a loan.

■ The proof is that the levy of the year 1930 had in fact been exhausted by the expenditure of funds withdrawn from it and by the issuance of warrants against it and by a transfer of a small balance that remained in it to the 1931 assessment fund prior to the issuance of the warrants in suit, and though this fact may not have been known to the purchaser of the warrants, it throws light on the nature of the unauthorized act of issuing these warrants against the levy. It can not be said that the attempt to charge the prior year's levy was a mere irregularity in the exercise of an existing power. We conclude there was a complete lack of authority to issue the warrants against the levy of the prior year and that the judgment holding them to be valid was erroneous.

■ But though the officers of the district and the plaintiff were mistaken as to the powers of the officers, it does not follow that the plaintiff was without remedy. The plaintiff paid the officers of the district the sum of $7,600 on August 17, 1931, and the court found pursuant to the stipulation of the parties that the district used the money "for paying its just and legal obligations, expenses and liabilities which it could and did lawfully incur." There is nothing to indicate that there was any collusion or fraud in the transaction or that any prejudice to the district was occasioned by its receipt of the money and applying it to its use. The result was simply a substitution of one creditor for several. Under such circumstances it is held in Nebraska, as elsewhere, upon elemental principles of justice, that the district became obligated to the plaintiff for the amount paid by him and the action for money had and received may be maintained. Thiele v. Carey, 85 Neb. 454, 123 N.W. 442, 133 Am.St.Rep. 679; Nebraska State Bank Association v. Village of Burton, 134 Neb. 623, 279 N.W. 319; Lincoln Land Co. v. Village of Grant, 57 Neb. 70, 77 N.W. 349; Rogers v. City of Omaha, 76 Neb. 187, 107 N.W. 214; Nebraska Bitulithic Co. v. City of Omaha, 84 Neb. 375, 121 N.W. 443. There are situations shown in cases cited for the district where, if recovery were allowed for money had and received to the purchaser of an invalid bond or warrant, the result would be to subject the public corporation to a kind of obligation which it was forbidden by law to become liable for. But there is no such difficulty here. This plaintiff's money was applied only to just obligations lawfully incurred by the district, and no injustice results from compelling it to repay the plaintiff.

■ Nor can it be held that the four year statute of limitations had run against plaintiff's second cause of action. The money was paid by plaintiff August 17, 1931, and suit was commenced by summons duly served August 24, 1936. But the district recognized the validity of its obligation to the plaintiff for the money it received from him on August 17, 1931, by discharging a part of the obligation on May 7, 1934, and another part on March 7, 1935. On the first date it accepted a part of the warrants in payment of taxes on land in the district, and on the second date it accepted another part as payment on land

involved in tax foreclosure. These were affirmative acts within the period of limitations in unequivocal recognition of the district's obligation to the plaintiff. Though a number of warrants (which we hold were invalid) were issued to the plaintiff, his payment to the district which gave rise to the district's obligation for money had and received was a single transaction and the running of the statute was tolled by the district's affirmative acts of recognition of the indebtedness. Nebraska State Bank Association v. Village of Burton, supra.

We conclude that the judgment on the second cause of action was without error except that the principal amount awarded (being the face amount of the warrants) was excessive. The plaintiff bought the warrants at a discount and did not pay the full face amount thereof to the district. Plaintiff was entitled to recover only the amount actually paid and received by the district to its use (less the credits above referred to for warrants discharged) with interest on that amount from date of payment. A remittitur should therefore be entered to reduce the principal amount of the judgment to accord with our conclusion. So reduced, the judgment on the second cause of action is affirmed.